IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMA CORPORATION et al., | |
| Plaintiffs, | NO. 3:99-CV-01624 |
| v. | consolidated under 3:99-CV-1574 |
| DR. GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Defendant Salil Gupta's motion for relief from judgment under Federal Rule of Civil Procedure 60, and, or in the alternative, to strike Defendant Salil Gupta from caption and judgment. (Doc. 236.) For the reasons set forth below, the Defendant's motion will be denied and the Court will not remove Defendant Salil Gupta from the judgment on trademark infringement in action 3:99-CV-1624.

## **BACKGROUND**

On August 6, 2001, the Defendants filed for summary judgment on several counts. (Doc. 44.) The motion included an argument for removing Salil Gupta as a named defendant in action 3:99-CV-1624. On December 18, 2001, the Defendants' motion was granted in part, and denied in part. (Doc. 84.) The motion was initially denied as to the removal of Defendant Salil Gupta from actions 3:99-CV-1574 and 3:99-CV-1624. (Doc. 84.) On January 7, 2002, Defendants moved to reconsider the partial denial of summary judgment, including on the viability of the claims against Defendant Salil Gupta. (Doc. 85.) On July 10, 2002, the Court granted in part the Defendants' motion for

reconsideration, and the Court dismissed all claims against Salil Gupta in action 3:99-CV-1624.  (Doc. 126.)  However, the Court denied the Defendants' motion as to Salil Gupta in action 3:99-CV-1574, and those claims against Defendant Salil Gupta remained to proceed to trial.  (Doc. 126.)

On March 20, 2003, judgment was entered in favor of the Plaintiffs for breach of contract and trademark infringement on action 3:99-CV-1624.  (Docs. 207, 208.)  The judgment entered on trade infringement was entered against "Defendants, Dr. Giriwarlal Gupta, Dr. Kiran Gupta, Dr. Salil Gupta, and Old West Cowboy Boots Corporation" in action 3:99-CV-1624.  (Doc. 208.)  On June 23, 2003, Defendant Salil Gupta filed the present motion for relief from judgment under Federal Rule of Civil Procedure 60, and, or in the alternative, to strike Defendant Salil Gupta from caption and judgment.  (Doc. 236.)

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  FED. R. CIV. P. 60(a).  This provision deals solely with errors described as clerical, or as an oversight or omission.  WRIGHT, MILLER & KANE, 11 FEDERAL PRACTICE & PROCEDURE § 2854.  When a change is substantive in nature, relief is inappropriate under Rule 60(a).  *Id.*  Alternatively, Rule 60(b) states that "the court may relieve a party from a final judgment" for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect," because the judgment is "void," and "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(1-6).  However, a motion under

Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1).

## DISCUSSION

Defendant Salil Gupta argues that he should be removed from judgment on the trademark infringement claim of action 3:99-CV-1624, as he was previously dismissed from this suit in the Court's motion for reconsideration of summary judgment. In contrast, Plaintiff Jama Corporation argues that Defendant Salil Gupta's motion should be denied on two grounds. First, Plaintiff argues the Defendant's motion is untimely. Under Rule 60(a), there is no time limitation on such a motion. Second, pursuant to Rule 60(b), a motion invoking sections (1), (2), or (3) must be made within one year of judgment, and all Rule 60(b) motions must be made within a reasonable time. Both conditions are met, and therefore, the Defendant's motion is timely.

Second, the Plaintiff notes that it is unclear whether the inclusion of Salil Gupta was "clearly inadvertent clerical error" pursuant to Rule 60(a). A case before the First Circuit Court of Appeals, *Bowen Inv., Inc. v. Carneiro Donuts, Inc.*, 490 F.3d 27 (1st Cir. 2007), is instructive as to the facts of this case. In *Bowen*, the jury awarded the plaintiffs damages for a breach of contract claim and a trademark infringement claim. *Id.* at 28. Judgment was entered against one defendant, the franchisee corporation. *Id.* Six months later, the plaintiffs moved to correct the judgment pursuant to Rule 60(a) to include the principal of the franchisee corporation. *Id.* The plaintiffs admit that the verdict form identified only the franchisee corporation, and not the principal, but that this had been

3

done on the understanding that, if the jury found for plaintiffs, the principal would be held jointly and severally liable. *Id.* In determining whether the Rule 60(a) motion was properly denied, the First Circuit Court of Appeals looked to the jury charge conference between the parties and the court.  At the jury charge conference, the court gave the plaintiff the choice between including or excluding the principal for all breach of contract claims.  *Id.* at 29.  The plaintiff's counsel replied that they would all be excluded. *Id.* at 29-30.  Thus, the First Circuit Court of Appeals affirmed the district court's denial of the Rule 60(a) motion, holding that the exclusion of the principal was not a clerical error.  *Id.  See also Stradley v. Cortez*, 518 F.2d 488 (3d Cir. 1975) (holding that Rule 60(a) was inappropriate when judgment was entered against only one defendant instead of both defendants).  In *Stradley*, the Third Circuit Court of Appeals similarly held that the court did not have the authority to change the judgment to add an additional defendant, and that the district court had abused its discretion in sua sponte permitting a new trial on these grounds *Id.* at 490.

In this case, there were numerous times at which Salil Gupta was listed as included for purposes of the trademark infringement claim in action 3:99-CV-1624. In reviewing the transcript of the jury charge conference, the record demonstrates that the Court listed Salil Gupta as a defendant in the trademark infringement jury instruction. (Trial Tr. vol. 7 , 21, Mar. 12, 2003.)  In discussing the charge for trademark infringement, the Court stated that "the Defendants, Giriwarlal Gupta, Kiran Gupta, Salil Gupta and Old West Cowboy Boots . . . began to use the trademark after that date in an area where JAMA, Inc., was selling the product."  (Trial Tr. vol. 7 , 21, Mar. 12, 2003.)  However, counsel for the Defendant did not object to the jury instruction at this time, or at any time

later in the jury charge conference.

The inclusion of Salil Gupta was not clearly a clerical error, as the jury instructions include Defendant Salil Gupta as a Defendant in the trademark infringement claim. (Trial Tr. vol. 7 , 200, Mar. 12, 2003.)  Again, counsel for the Defendant failed to object to the inclusion of Salil Gupta.  The Court asked counsel at the end of the jury instructions if they had anything to add.  (Trial Tr. vol. 7 , 217, Mar. 12, 2003.)  Counsel for defendant had the opportunity to object to the inclusion of Salil Gupta in the trademark infringement jury charge, but failed to do so at this time.

Similarly, the jury verdict slip does not specifically name Salil Gupta, or fail to name him.  (Doc. 205.)  The verdict slip asks if "the Guptas" used the trademark of "Old West" in an infringing manner, and if "the Guptas" willfully used the trademark.  (*Id.*)  Judgment was then entered against three members of the Gupta family - Giriwarlal Gupta, Kiran Gupta, and Salil Gupta.  (Doc. 208.)  Due to the number of inclusions of Salil Gupta during the trial in discussion of the jury charge, the inclusion of Salil Gupta is not a clerical error.

Defendant Salil Gupta further argues that he should be relieved from judgment on the trademark infringement claim based upon Rule 60(b).  The determination to grant or deny relief under Rule 60(b) is within the sound discretion of the court.  *Lasky v. Continental Prod. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).  In this exercise of discretion, the court is guided by a number of factors including:

> "(1) the general desirability that a final judgment should not be lightly disturbed; (2) the procedure provided by Rule 60(b) is not a substitute for an appeal; (3) the Rule should be liberally construed for the purpose of doing substantial justice; (4) whether, although the motion is made within the maximum

5

> time, if any, provided by the Rule, the motion is made within a
> reasonable time; . . . (5) whether there are any intervening
> equities which make it inequitable to grant relief; (6) any other
> factor that is relevant to the justice of the [order] under attack."

*Id.* (quoting 7 J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 60.19, p. 60-164-60-165 (2d ed. 1985)).  The court further noted that there were other relevant factors and propositions that a district court may use in the disposition of a Rule 60(b) motion including "if relief is sought from a judgment rendered on a trial on the merits, and whether the movant had a fair opportunity to present his claim or defense."  *Id.*  (quoting 7 J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 60.19, p. 60-164 (2d ed. 1985)).

Defendant cites section (4) of Rule 60(b), which states that relief from judgment may be granted when the judgment is void.  In *Marshall v. Bd. of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978), the Third Circuit Court of Appeals discussed the meaning of void pursuant to Rule 60(b)(4).  The court held that "[a] judgment may indeed be void . . . if the court lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by law.'" *Id.* at 422 (quoting *United States v. Walker*, 109 U.S. 258, 265-67 (1883)).  The court further held that a judgment is not void, and therefore not within the ambit of Rule 60(b)(4), "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional."  *Id.*  The Third Circuit Court of Appeals has recently noted that a judgment is void pursuant to Rule 60(b)(4) on two grounds: (1) if the court lacked subject matter jurisdiction, and (2) if it acted in a manner inconsistent with due process.  *Construction Drilling, Inc. v. Chusid*, 131 Fed. App'x 366, 372 (3d Cir. 2005) (not precedential).  In this case, the Court did not lack subject matter jurisdiction.  Nor did the

inclusion of Salil Gupta rise to the level of a due process violation.  Counsel for the Defendant had ample opportunities to object to the Court's inclusion of Salil Gupta in the jury charge conference and after the jury instructions were given, but failed to do so.

Defendant Salil Gupta argues that he should be removed from the trademark infringement judgment pursuant to Rule 60(b)(1), which authorizes the Court to grant relief from judgement for "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  Counsel for Defendant argues that Salil Gupta's inclusion in the judgment is a "mistake," as Salil Gupta was previously dismissed from the case in the motion for reconsideration on summary judgment.  In determining whether there is "mistake" or "excusable neglect," the Court must consider the factors from *Pioneer Inv. Serv., Inc. v. Brunswick Assocs. Ltd. P'ship*, 507 US. 380, 393 (1993).  *See In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000) (discussing the use of the *Pioneer* factors for non-bankruptcy cases).  The *Pioneer* factors delineated by the Supreme Court included "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.* at 182 (quoting *Pioneer*, 507 U.S. at 395).  In this case, Defendant Salil Gupta moved for Rule 60(b) relief from judgment approximately three (3) months after the entering of the judgment.  The Defendant has not given any reason for the delay, and the Plaintiff has argued that it has been prejudiced, as it had already begun investigating the assets of the debtors.  The error in this case was in the reasonable control of the movant.  The movant could have objected to the inclusion of Salil Gupta at the jury charge conference or after the jury instructions were given.  Even if the Defendant acted in good faith, the failure to

7

object to the inclusion of Salil Gupta's inclusion on the trademark infringement charge demonstrates that there was no mistake or excusable neglect pursuant to Rule 60(b)(1).

Finally Defendant Salil Gupta notes that the Court may relieve a party from judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).  Rule 60(b)(6) is the catch-all provision of Rule 60(b), and requires that a party show "extraordinary circumstances" in granting relief.  *See, e.g. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 393 (1993).  Courts have rarely invoked this section of Rule 60(b), and the number of circumstances where such relief was granted has been limited.   WRIGHT, MILLER & KANE, 11 FEDERAL PRACTICE & PROCEDURE § 2864.  These limited circumstances have included cases where "there was inaction by the government and unusual delays by the courts, and when there is a strong public interest in the case and conduct of the parties is egregious."  *Id.*  The Defendant in the case has not shown that there are extraordinary circumstances warranting relief.  The Defendant had ample opportunity to correct this error at an earlier time.

## CONCLUSION

For the reasons stated above, Defendant Salil Gupta's motion for relief from judgment pursuant to Rule 60, and, or in the alternative, to strike Salil Gupta from the caption and judgment will be denied.

An appropriate Order follows.


| December 10, 2007 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMA CORPORATION et al., | |
| Plaintiffs, | NO. 3:99-CV-01624 |
| v. | consolidated under 3:99-CV-1574 |
| DR. GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this  10th  day of December, 2007, **IT IS HEREBY ORDERED** that Defendant's motion for relief from judgment under Federal Rule of Civil Procedure 60, or in the alternative, to strike Defendant Salil Gupta from caption and judgment (Doc. 236) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge