**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMA CORPORATION et al.,

    Plaintiffs,

        v.

DR. GIRIWARLAL GUPTA, et al.,

    Defendants.

NO. 3:99-CV-01624

consolidated under 3:99-CV-1574

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Plaintiff's post-trial motion for further relief.  This motion requests prejudgment interest on the breach of contract claim, delay damages on the trademark infringement claim, a trebling of damages of the trademark infringement claim, a permanent injunction enjoining Defendants from further use of the trademark, an order directing Defendants to change the name of the Old West Cowboy Boots Corporation, and an order of sequestration and turn over of all documents, packaging, advertising and products bearing the "Old West" trademark.  (Doc. 43, 3:99-CV-1624.)  For the reasons set forth below, the Plaintiff's motion will be granted in part and denied in part.  The Court will grant Plaintiff's motion for prejudgment interest, as prejudgment interest is a legal right in a breach of contract claim.  The Court will deny Plaintiff's motion for delay damages, as they are inapplicable to a lost profits claim.  The Court will deny the Plaintiff's motion for a trebling of damages, as held in the Court's Order of January 2, 2008.  The Court will issue a permanent injunction against the Defendants, as the Plaintiff satisfies the requisite factors for an injunction.  This injunction will also enjoin the Defendants from the use of "Old West" in the name of the business "Old West Cowboy

Boots Corporation."  Finally, the Court will deny the Plaintiff's motion for sequestration and turnover, as the Plaintiff has a sufficient remedy in the permanent injunction.

## BACKGROUND

The facts of this case are well-known to the parties and the Court.  Therefore, the Court will only discuss the facts relevant to this motion.

On March 21, 2003, Plaintiff filed a motion for further relief, including prejudgment interest, delay damages, treble damages on trademark infringement, a permanent injunction, an order directing Defendants to change the name of "Old West Cowboy Boots Corporation," and a sequestration and turnover of all documents, packaging, advertising, and products bearing the trademark "Old West." (Doc. 43, 3:99-CV-1624.)

This motion is fully briefed and ripe for disposition.

## DISCUSSION

### I.      Prejudgment Interest on Breach of Contract Claim

The Third Circuit Court of Appeals has held that federal courts sitting in diversity cases should apply state law with respect to prejudgment interest.  *American Mut. Liability Ins. Co. v. Kosan*, 635 F. Supp. 341, 346 (W.D. Pa. 1986), *aff'd* 817 F.2d 751 (3d Cir. 1987) (citing *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982)).  Plaintiff seeks prejudgment interest on the breach of contract claim pursuant to 42 PA. CONS. STAT. ANN. § 8101, which provides "[e]xcept as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict

or award, or from the date of the judgment, if the judgment is not entered upon a verdict

or award." 42 PA. CONS. STAT. ANN. § 8101.  This statute generally addresses the

awarding of post-judgment interest.  However, prejudgment interest is awardable in

breach of contract cases pursuant to the case law of Pennsylvania.

"In a contract action the award of such [prejudgment] interest does not depend

upon discretion but is a legal right." *Gold & Co., Inc. v. Northeast Theater Corp.*, 421

A.2d 1151, 1154 (Pa. Super. Ct. 1980) (citing *Palmgreen v. Palmer's Garage, Inc.*, 117

A.2d 721, 722 (Pa. 1955); *West Republic Mining Co. v. Jones & Laughlins,* 108 Pa. 55,

68 (1884)).  Prejudgment interest is granted despite the good faith of the party contesting

the claim.  *Id.*  Accordingly

> [p]laintiffs were entitled to interest at the rate of 6% per
> annum from the time when they should have been paid for the
> services rendered by them.  In all cases of contract interest is
> allowable at the legal rate from the time payment is withheld
> after it has become the duty of the debtor to make such
> payment; allowance of such interest does not depend upon
> discretion but is a legal right.  It is a right which arises upon
> breach or discontinuance of the contract provided the
> damages are then ascertainable by computation and even
> though a bona fide dispute exists as to the amount of the
> indebtedness.

*Palmgreen v. Palmer's Garage, Inc.*, 117 A.2d 721, 722 (Pa. 1955) (citations omitted).

The legal rate of interest refers to the rate of six (6) percent per annum.  41 P.S. § 202

("Reference in any law or document enacted or executed heretofore or hereafter to 'legal

rate of interest' . . . shall be construed to refer to the rate of interest of six per cent per

annum.").  Furthermore, Pennsylvania courts have held that an award of prejudgment

interest should be computed as simple interest.  *See Widmer Engineering, Inc v. Dufalla*,

837 A.2d 459, 469 (Pa. Super. Ct. 2003) (citing *Spang & Co. v. USX Corp.*, 599 A.2d

978, 984 (Pa. Super. Ct. 1991)).

Plaintiff requests that the rates of interest should be calculated from the dates on which the five (5) bills of exchange were due and payable.  These dates were August 12, 1999 ($65,506.50); August 14, 1999 ($80,353.50); September 1, 1999 ($83,847.75); September 20, 1999 ($14,586.00); and September 22, 1999 ($26,888.00).  *See* Pl.'s Tr. Ex. 12.  Such bills of exchange totaled $271,181.75.

Defendant Old West Cowboy Boots Corporation argues that Plaintiff is not entitled to prejudgment interest, as the damages from the breach of contract are not ascertainable with mathematical precision.  This argument stems from the fact that the jury awarded the Plaintiff $315,000, which is greater than the $271,181.75 claimed by the Plaintiff.  In the alternative, Defendant states that the $43,818.25 above the $271,181.75 claimed should be offset by the interest claim.

However, the Plaintiff's damages are ascertainable, and the bills of exchange provide dates on which the payments were due and payable.  As prejudgment interest is a legal right in breach of contract claims, the Plaintiff will be awarded prejudgment interest on the five bills of exchange beginning on each due date.  Prejudgment interest runs from the time of the breach until the date of judgment.  *See McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 633 (E.D. Pa. 1998).  Plaintiff requests that prejudgment interest run until the time when the Court determines attorneys fees and other damages.  However, in this case, judgment was entered in favor of the Plaintiff on March 20, 2003. (Doc. 207.)  Therefore, the calculation of interest will run from the date of each bill of exchange until March 20, 2003.  The prejudgment interest on the August 12, 1999 bill of exchange is calculated at $14,170.94.  The prejudgment interest on the August 14, 1999

bill of exchange is calculated at $17,356.36.  The prejudgment interest calculated on the

September 1, 1999 claim is calculated at $17,863.02  The prejudgment interest on the

September 20, 1999 claim is calculated at $3,061.86  The prejudgment interest on the

September 22, 1999 claim is calculated at $5,635.43.  The total amount of prejudgment

interest owed on the five (5) bills of exchange is $58,087.61.  Therefore, the Plaintiff's

motion for prejudgment interest on the breach of contract claim will be granted in the

amount of $58,087.61.

### II.      Delay Damages on Trademark Infringement Claim

Pennsylvania Rule of Civil Procedure 238 provides that "[a]t the request of the

plaintiff in a civil action seeking monetary relief for bodily injury, death or property

damages, damages for delay shall be added to the amount of compensatory damages. . .

. " PA. R. CIV. P. 238(a)(1).  This is a substantive rule that a federal court may follow

when sitting in diversity.  *Fauber v. KEM Transp. and Equip. Co.,* 876 F.3d 327, 328 (3d

Cir. 1989).  However, Plaintiff fails to address this request in its brief.  Even so, Plaintiff is

not entitled to such an award.  As held in *Hughes v. Consol-Pennsylvania Coal Co.*, 945

F.2d 594, 616 (3d Cir. 1991), a plaintiff may only be awarded delay damages for "bodily

injury, death or property damage."  Like *Hughes*, the Plaintiff in the instant action was

awarded lost profits.  *Id.*  As Rule 238 does not provide delay damages for lost profits, the

Plaintiff's motion for delay damages will be denied.

### III.      Trebling of Trademark Damages

The Court previously held in the Court's January 2, 2008 Order that the imposition

of treble damages for the trademark infringement claim would be unjust.  (Doc. 311.)

Therefore, Plaintiff's request for treble damages will be denied.

### IV.      Permanent Injunction

Plaintiff also requests a permanent injunction pursuant to the Lanham Act.

Section 1116(a) of Title 15 provides that

> [t]he several courts vested with jurisdiction of civil actions
> arising under this chapter shall have the power to grant
> injunctions, according to the principles of equity and upon
> such terms as the court may deem reasonable . . . to prevent
> a violation under subsection (a), (c), or (d) of section 1125 of
> this title.  Any such injunction may include a provision directing
> the defendant to file with the court and serve on the plaintiff
> within thirty days after the service on the defendant of such
> injunction, or such extended period as the court may direct, a
> report in writing under oath setting forth in detail the manner
> and form in which the defendant has complied with the
> injunction.  Any such injunction granted upon hearing, after
> notice to the defendant, by any district court of the United
> States, may be served on the parties against whom such
> injunction is granted anywhere in the United States where they
> may be found, and shall be operative and may be enforced by
> proceedings to punish for contempt, or otherwise, by the court
> by which such injunction was granted, or by any other United
> States district court in whose jurisdiction the defendant may
> be found.

15 U.S.C. § 1116(a).

In deciding whether to grant a permanent injunction, a court must consider four

factors: (1) whether the moving party has shown actual success on the merits; (2)

whether the moving party will be irreparably injured by the denial of injunctive relief; (3)

whether the granting of the injunction will result in even greater harm to the defendant;

and (4) whether the injunction would be in the public interest."  *Gucci America, Inc. v.*

*Daffy's Inc.*, 354 F.3d 228, 236 (3d Cir. 2003) (citing *Shields v. Zuccarini*, 254 F.3d 476,

482 (3d Cir. 2001)).

First, the Plaintiff has demonstrated actual success on the merits, as

demonstrated by the jury's verdict that Defendants willfully infringed the Plaintiff's

trademark.  (Doc. 205.)  Second, the Plaintiff has demonstrated irreparable injury for

purposes of an injunction.  In *S&R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 378 (3d

Cir. 1992), the Third Circuit Court of Appeals held that

> [g]rounds for irreparable injury include loss of control of
> reputation, loss of trade, and loss of goodwill.  Lack of control
> amounts to irreparable injury regardless of allegations that the
> infringer is putting the mark to better use.  Irreparable injury
> can also be based on the possibility of confusion.  Finally, and
> most importantly for this case, trademark infringement
> amounts to irreparable injury as a matter of law.

*Id.* at 378 (citations omitted).  *See also Opticians Assoc. of America v. Indep. Opticians of*

*America*, 920 F.2d 187, 196 (3d Cir. 1990) (infringement inhibits te "ability to control its

own . . . marks, which in turn creates the *potential* damage to its reputation.  Potential

damage to reputation constitutes irreparable injury for the purpose of granting a

preliminary injunction in a trademark case.").  As trademark infringement was found by

the jury, there is *per se* irreparable injury to the plaintiff.

Third, the Court will consider the balance of the hardships between the Plaintiff

and Defendants.  Here, the balance of hardships clearly favors an injunction.  If the Court

did not issue an injunction, the Plaintiff would suffer the hardship of potential further

infringement.  Although there is some hardship on the Defendants, as they can no longer

use the infringing goods, such a hardship does not outweigh the hardship of the Plaintiff.

Finally, the Court finds that the public interest would be served by a permanent

injunction.  The Restatement (Third) of Unfair Competition, § 35, comment b, states that

"[i]n cases of deceptive marketing, trademark infringement, or trademark dilution, a

prevailing plaintiff is ordinarily awarded injunctive relief to protect the plaintiff and the

public from the likelihood of future harm."  In this case, the public would be protected by

the issuance of an injunction.  There would be no question as to the quality and

manufacturer of "Old West" cowboy boots, and would eliminate any possible confusion

on the part of the consumer.  As the factors weigh heavily in the interest of the Plaintiff,

the Court will issue a permanent injunction against the Defendants, enjoining them from

the use of the trademark "Old West."

Plaintiff also requests this Court to issue an order to require the Defendants to

change the name "Old West Cowboy Boots Corporation" to a name not including the

words "Old West."  Essentially, Plaintiff is requesting an injunction enjoining the

Defendants from using "Old West" in the name of their business.  As the Court will issue

a permanent injunction in favor of the Plaintiff enjoining the Defendants from the use of

the trademark "Old West," the Court will further extend that injunction to enjoin the use of

the name "Old West Cowboy Boots Corporation."

### V.       Sequestration and Turn Over of "Old West" Products

The Lanham Act further provides for the destruction of infringing articles.  Section

1118 of Title 15 provides that

> [i]n any action arising under this chapter, . . . a violation under
> section 1125(a) of this title . . . shall have been established,
> the court may order that all labels, signs, prints, packages,
> wrappers, receptacles, and advertisements in the possession
> of the defendant, bearing the registered mark or, in the case
> of a violation of section 1125(a) of this title . . . the word, term,
> name, symbol, device, combination thereof, designation,
> description, or representation that is the subject of the
> violation, or any reproduction, counterfeit, copy, or colorable
> imitation thereof, and all plates, molds, matrices, and other
> means of making the same, shall be delivered up and
> destroyed. . . .

15 U.S.C. § 1118.  Whether the infringing materials and means of their production shall be delivered is left to the discretion of the district court.  In *Birthright v. Birthright, Inc.*, 827 F. Supp. 1114, 1143 (D.N.J. 1993), the court found that the remedy provided for in Section 1118 was unnecessary, as there was an injunction in place prohibiting the defendants from using the name or logo.  The court held that such an injunction was sufficient to protect from future infringements, and therefore the relief of sequestration and turnover was denied.  *Id.*  In this case, the Court has similarly issued a permanent injunction against the Defendants.  Therefore, the sequestration and turnover is unnecessary, as the Plaintiff is sufficiently protected by the permanent injunction.  Plaintiff's motion will therefore be denied.

## CONCLUSION

For these reasons, the Plaintiff's motion will be granted in part and denied in part.  First, the Court will grant Plaintiff's motion for prejudgment interest, as prejudgment interest is a legal right in a breach of contract claim.  Second, the Court will deny Plaintiff's motion for delay damages, as they are inapplicable to a lost profits claim.  Third, the Court will deny the Plaintiff's motion for a trebling of damages, as held in the Court's Order of January 2, 2008.  Fourth, the Court will issue a permanent injunction against the Defendants, as the Plaintiff satisfies the requisite factors for an injunction.  This injunction will also enjoin the Defendants from the use of "Old West" in the name of the business "Old West Cowboy Boots Corporation."  Finally, the Court will deny the Plaintiff's motion for sequestration and turnover, as the Plaintiff has a sufficient remedy in the permanent injunction.

An appropriate Order follows.


January 3, 2008                                              /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                             United States District Judge

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMA CORPORATION et al., | |
| Plaintiffs, | NO. 3:99-CV-01624 |
| v. | consolidated under 3:99-CV-1574 |
| DR. GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this ___3rd___ day of January, 2008, **IT IS HEREBY ORDERED** that Plaintiff's post-trial motion (Doc. 43, 3:99-CV-1624) for:

(1)    prejudgment interest on the breach of contract claim is **GRANTED** in the amount of $58,087.61.

(2)    delay damages on the trademark infringement claim is **DENIED**.

(3)    treble damages on the trademark infringement claim is **DENIED**.

(4)    a permanent injunction is **GRANTED**.

(5)    a change of name of Old West Cowboy Boots Corporation is **GRANTED**.

(6)    sequestration and turn over of "Old West" products, documents, and other materials is **DENIED**.

_____

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge