# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMA CORPORATION, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:99-CV-1624 |
| v. | consolidated under 3:99-CV-1574 |
| DR. GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's January 4, 2008 Order (Doc. 313) granting in part and denying in part Plaintiff's motion for attorneys fees. (Doc. 320.) Because the Plaintiffs' motion to submit further evidence is not newly discovered evidence for purposes of Rule 59, the Court will deny the motion for reconsideration.

## **BACKGROUND**

The facts of this case are well-known to the parties and the Court. Therefore, the Court will only discuss the facts relevant to this motion.

On March 13, 2003, after trial, the jury entered a verdict in favor of the Plaintiff Jama Corporation in action 3:99-CV-1624 for breach of contract and trademark infringement. (Doc. 205.) On April 14, 2003, Plaintiffs requested attorneys fees and costs in the amount of $652,272.93. (Doc. 214.) On January 4, 2008, the Court granted in part and denied in part Plaintiffs' request for attorneys fees. Plaintiffs filed the present motion for reconsideration of the January 4th Order on January 17, 2008. (Doc. 320.)

The motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

Plaintiffs' motion for reconsideration requests that the Court alter or amend its Order of January 4, 2008 granting in part and denying in part Plaintiffs' requests for attorneys fees. Plaintiffs argue that the Court should consider further evidence of its fees and costs, and that it can provide details and substantiation in the areas the Court previously found lacking.

Plaintiffs argue that it can provide further, specific support as to three (3) specific areas: (1) required travel expenses for witnesses; (2) air travel for its Indian law expert, M.P. Rao; and (3) trial attendance fees for its witnesses. Plaintiff argues that it can supplement its application with the required receipts, tickets and dates of depositions, conference and trial attendance. However, "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citing *DeLong Corp. v. Raymond Int'l Inc.*, 622 F.3d 1135, 1139-40 (3d Cir. 1980)). Reconsideration motions may not be used to present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993) (McClure, J.) Plaintiffs do not argue that the documentation was not previously available. Rather, they seek to submit further documentation of previously available information.

The Court may consider newly discovered evidence in a motion for reconsideration. However, the documentation the Plaintiffs request to present is clearly not newly discovered. This documentation was available at the time of the motion for

3

attorneys fees, but the Plaintiffs failed to submit the documentation at that time. Therefore, the Court will refuse to consider this evidence at this time, and will deny the Plaintiffs' motion for reconsideration.

## CONCLUSION

Because the Plaintiffs' proposed evidence is not newly discovered evidence for purposes of Rule 59, the Court will deny the Plaintiffs' motion for reconsideration.

An appropriate order shall follow.


<u>February 28, 2008</u>  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMA CORPORATION et al., | |
| Plaintiffs, | NO. 3:99-CV-1624 |
| v. | consolidated under 3:99-CV-1574 |
| GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this 28th day of February, 2008, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 320) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge