## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMA CORPORATION, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:99-CV-1624 |
| v. | consolidated under 3:99-CV-1574 |
| DR. GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

### MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's January 3, 2008 Order (Doc. 312), which granted a permanent injunction to the Plaintiff and denied the request for sequestration and turnover. (Doc. 318.) Because there is no need to correct a clear error of law or fact or to prevent manifest injustice, and the new facts presented by the Plaintiffs do not change the outcome, the Court will deny the motion for reconsideration.

### BACKGROUND

The facts of this case are well-known to the parties and the Court. Therefore, the Court will only discuss the facts relevant to this motion.

On March 13, 2003, after trial, the jury entered a verdict in favor of Plaintiff Jama Corporation in action 3:99-CV-1624 for breach of contract and trademark infringement. (Doc. 205.) On March 21, 2003, Plaintiffs filed a motion for further relief, including prejudgment interest, delay damages, treble damages on the trademark infringement claim, a permanent injunction, an order to change the name of "Old West Cowboy Boots

Corporation," and a sequestration and turnover of all documents, packaging, advertising, and products bearing the trademark "Old West."  (Doc. 43, 3:99-CV-1624.)  On January 3, 2008, the Court granted in part and denied in part Plaintiffs' requests by granting prejudgment interest, denying delay damages, denying treble damages, granting a permanent injunction, granting the change of name of "Old West Cowboy Boots Corporation," and denying the sequestration and turnover.  (Doc. 312.)  Plaintiffs filed the present motion for reconsideration of the January 3rd Order on January 16, 2008.  (Doc. 318.)

The motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry.  FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  "A motion for reconsideration is not to be used as a means to reargue matters already

argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

Plaintiffs' motion for reconsideration requests that the Court alter or amend its Order of January 3, 2008 granting in part and denying in part Plaintiffs' requests for further relief. First, the Plaintiffs request that the Court modify the permanent injunction to make it retroactive to the date of the entry of judgment for trademark infringement. Second, Plaintiff seeks reconsideration of the denial of sequestration and turnover based upon the sale of Old West boots pursuant to the Chapter 7 bankruptcy filed by Old West Cowboy Boots Corporation.

    **I.**    **Permanent Injunction**

Plaintiffs seek to modify the Court's permanent injunction in the Order of January 3, 2008 to be retroactive to the date of the judgment in the trademark infringement case, retroactive to March 20, 2003.

The Restatement (Third) of Unfair Competition, § 35, comment b, states that "[i]n

cases of deceptive marketing, trademark infringement, or trademark dilution, a prevailing plaintiff is ordinarily awarded injunctive relief to protect the plaintiff and the public from the *likelihood of future harm*." *Id.* (emphasis added). The purpose of injunctive relief in trademark cases is the protection of the infringed from future harm.  Generally, injunctive relief is designed to protect against future harm.

> Injunctive relief is designed to meet a real threat of a future wrong or a contemporary wrong of a nature likely to continue or recur.   Whether interlocutory or final, injunctive relief is ordinarily preventive or protective in character and restrains actions that have not yet been taken.  It is generally not intended to redress, or punish for, past wrongs. . . . Accordingly, rights already lost and wrongs already perpetrated cannot be corrected by injunction.

42 AM. JUR. 2D *Injunctions* § 2 (2008).

In this case, Plaintiffs are requesting a retroactive injunction, which would remedy any past harms between March 20, 2003 and the present date.  Such a remedy cannot be issued.  Injunctive relief is forward-looking.  Rather, Plaintiffs' remedy is to litigate for damages based on infringement between March 20, 2003 and January 3, 2008.  For these reasons, the Plaintiffs' motion for reconsideration will be denied, and the permanent injunction will be effective as of January 3, 2008.

## II.    Sequestration and Turnover

Plaintiffs also request that the Court enter an order for sequestration and turnover of the infringing items by Defendants.  Plaintiffs argue that Defendants had infringing inventory in its possession, which amounted to 25,553 pairs of boots, which was sold at an auction to third party bidders for $12,776.53.  Plaintiffs argue that these facts require a sequestration and turnover.

The inventory Plaintiffs complain of was sold at auction by the bankruptcy trustee, with the approval of the Bankruptcy Court.  On May 20, 2004, Plaintiffs were served with Notice of Trustee's Intention to Sell Personal Property at Public Auction.  (Doc. 336 Ex. A.)  In the Notice, Plaintiffs were informed that it had twenty-two (22) days to file objections to the sale of boots at the auction.  No objection was made to the selling of the inventory at the time.  On June 14, 2004, twenty-seven (27) days after notice was served on Plaintiffs, the Bankruptcy Court, noting that no objections had been filed, authorized and approved of the sale of the cowboy boots.  (Doc. 336 Ex. B.)

The commencement of a Title 7 bankruptcy proceeding creates an estate comprised of the interests of the debtor.  11 U.S.C. § 541(a).  The trustee, after notice and a hearing, may use, sell, or lease the property of the estate.  11 U.S.C. § 363(b).  As a bankruptcy creditor, Plaintiffs had the opportunity and the right to object to the sale at the time of auction.  However, they failed to do so, and now request relief from the bankruptcy court's proceeding.  Furthermore, pursuant to 11 U.S.C. § 363(m), "reversal or modification on appeal of an authorization under subsection (b) . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."  Therefore, the bankruptcy code protects good faith purchasers, such as the buyers at auction in this bankruptcy sale, and Plaintiffs would be unable to recover the sold items from the buyers at the auction.

Plaintiffs argue  that "there is no proof that [Defendants] did not unlawfully dispose of infringing boots before Old West's filing. . . [and] the existence and disposition of

5

branded packaging and promotional materials is unknown." (Doc. 340.)  Such an argument is unconvincing to require a reversal of the Court's prior Order.  Plaintiffs' relief regarding the auction of the infringing boots rested with the bankruptcy court, and this Court may not act to reverse that ruling.  Furthermore, as stated in the Court's January 3, 2008 Order, because there is an injunction in place, such relief is sufficient to protect from future infringements, such as the potential infringement of packaging and promotional materials.  *Birthright v. Birthright, Inc.*, 827 F. Supp. 1114, 1143 (D.N.J. 1993).

For these reasons, the Court will deny Plaintiffs' motion for reconsideration on the request for sequestration and turnover.

## CONCLUSION

For the foregoing reasons, the Court will deny the Plaintiffs' motion for reconsideration.  The permanent injunction date will be effective as of the date of the first Order, January 3, 2008, and the request for sequestration and turnover will be denied.

An appropriate order shall follow.

| | |
|---|---|
| March 4, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMA CORPORATION et al., | |
| Plaintiffs, | NO. 3:99-CV-1624 |
| v. | consolidated under 3:99-CV-1574 |
| GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this 4th day of March, 2008, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 318) is **DENIED**.

>                                /s/ A. Richard Caputo
>                                A. Richard Caputo
>                                United States District Judge