IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMA CORPORATION, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:99-CV-1624 |
| v. | consolidated under 3:99-CV-1574 |
| DR. GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's January 2, 2008 Order (Doc. 317).  Plaintiff moves pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure.  Because there is a clerical error pursuant to Rule 60(a) in the January 2, 2008 Order, the Court will grant the Plaintiff's motion.

**BACKGROUND**

The facts of this case are well-known to the parties and the Court.  Therefore, the Court will only discuss the facts relevant to this motion.

On March 13, 2003, after trial, the jury entered a verdict in favor of Plaintiff Jama Corporation in action 3:99-CV-1624 for breach of contract and trademark infringement. (Doc. 205.)  On January 2, 2008, the Court issued a Memorandum and Order (Doc. 317) which denied as moot Defendants' motion to stay, denied Defendants' motion for relief of judgment or alteration of judgment, denied Defendants' motion for judgment as a matter of law, and denied Defendants' combined motions for a new trial.  (Doc. 311.)  Plaintiffs now seek reconsideration of the Order to the extent the Order states " A new trial will be

scheduled solely on the basis of the damages claim on infringement." (Doc. 317.) The motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

### I. Motion for Reconsideration

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions

2

should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

### II.     Rule 60 Motion

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  FED. R. CIV. P. 60(a).  This provision deals solely with errors described as clerical, or as an oversight or omission.  WRIGHT, MILLER & KANE, 11 FEDERAL PRACTICE & PROCEDURE § 2854.  When a change is substantive in nature, relief is inappropriate under Rule 60(a).  *Id.*  Alternatively, Rule 60(b) states that "the court may relieve a party from a final judgment" for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect," because the judgment is "void," and "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(1-6).  However, a motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of judgment.  FED. R. CIV. P. 60(c)(1).

### DISCUSSION

The Court's Order of January 2, 2008 denied as moot Defendants' motion to stay, denied Defendants' motion for relief of judgment or alteration of judgment, denied Defendants' motion for judgment as a matter of law, and denied Defendants' combined motions for a new trial. (Doc. 317.)  In the Court's Memorandum, the Court held that "[T]he Court will deny the Defendants' motions, and the jury verdict of $510,000 will stand."  (*Id.* at 27-28.)  However, the Order stated that "Defendants' combined motion for

a new trial, and/or to amend, alter or modify the judgment, and/or for relief from judgment (Doc. 209) is: . . . DENIED with respect to the Defendants' motion based upon the jury verdict of $510,000 in the trademark infringement claim.  A new trial will be scheduled solely on the basis of the damages claim on infringement."  (*Id.*)

The Court's Memorandum of January 2, 2008 clearly states that the jury verdict would stand.  Furthermore, the Court's Order states that the Defendants' motion was denied.  Therefore, the statement that a new trial would be scheduled as to damages is inconsistent with both the Memorandum and the denial of Defendants' motion in the Order.  Even Defendants' brief notes that "some portions of the Court's Memorandum may appear to contradict the order."  (Doc. 225 at 2.)  Such an inconsistency reflects a clerical error in the Order.  Plaintiffs' motion for reconsideration on this matter will be granted, as "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  FED. R. CIV. P. 60(a).

In Defendants' brief in opposition, Defendants request a new trial on both damages and liability.  As stated in the Court's January 2, 2008 Memorandum, **"**In this case, the jury's verdict is not against the weight of the evidence, does not create a manifest injustice, or otherwise justify relief."  (Doc. 317 at 27.)  There has been no intervening change in controlling law which would require a new trial.  Nor have the Defendants demonstrated the availability of new evidence that was not previously available.  Finally, the Court will decline to order a new trial on liability, as there is no need to correct a clear error of law or fact or to prevent manifest injustice.  To the extent Defendants' brief in opposition requests a new trial on liability, that request will be denied.

## CONCLUSION

For the foregoing reasons, the Court will grant the Plaintiffs' motion for reconsideration. The Order of January 2, 2008 ordering a new trial on trademark damages will be amended to strike the language "A new trial will be scheduled solely on the basis of the damages claim on infringement" from paragraph 3(d).

An appropriate Order shall follow.


June 27, 2008                                    /s/ A. Richard Caputo
Date                                             A. Richard Caputo
                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMA CORPORATION et al., | |
| Plaintiffs, | NO. 3:99-CV-1624 |
| v. | consolidated under 3:99-CV-1574 |
| GIRIWARLAL GUPTA, et al., | (JUDGE CAPUTO) |
| Defendants. | |

**ORDER**

**NOW**, this 27th day of June 2008, **IT IS HEREBY ORDERED** that Plaintiffs' motion (Doc. 317) is **GRANTED**. The language "A new trial will be scheduled solely on the basis of the damages claim on infringement" will be stricken from the January 2, 2008 Order's paragraph 3(d). (Doc. 311.)

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge